544 So.2d 51 (1989)
STATE of Louisiana in the Interest of N.P.
Nos. 89-KA-50, 89-KM-42.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1989.
George E. Escher, New Orleans, for minor-appellant.
John M. Mamoulides, Dist. Atty., Jamie Vaverica, Allison Wallis, Asst. Dist. Attys., Gretna, for appellee.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
KLIEBERT, Judge.
N.P., a fourteen year old male, was adjudicated a delinquent based on his admission to violating LSA-R.S. 14:95, illegal carrying of weapons. His six month sentence at Louisiana Training Institute was suspended and he was placed on probation for two years. On advice of counsel, N.P. refused to sign the probation agreement because under its provisions he was required to advise the school principal of his probationary status. He perfected a timely appeal. The Juvenile Judge and this court refused to grant stay orders. For the reasons hereafter stated, we affirm the Juvenile Judge's ruling.
The juvenile stated the gun he was carrying belonged to his brother, a security guard. A friend reportedly stole the gun and was returning it through N.P. A pedestrian noted the juvenile had the gun on a school bus and notified the school principal. The principal informed the police who investigated and found N.P. had the gun. As a result, N.P. was expelled from school in October 1988.
N.P. was in the gifted and talented classes before being expelled. At the time of trial he was attempting to enroll in a private school and contended, through counsel, that the condition of probation requiring disclosure of his probationary status would jeopardize his ability to enroll in the private school, and was illegally imposed because it violated the Code of Juvenile Procedure's requirements of confidentiality. *52 The condition of probation complained of reads as follows:
"You shall promptly notify the principal of your school that you are on probation to the Jefferson Parish Juvenile Court. Moreover, you shall provide said principal with the name and phone number of your Probation Officer so that inappropriate school behavior may be reported and acted upon by the Court."
Counsel for N.P. contends the condition was imposed as a matter of policy rather than on an individualized basis. In support of his position he introduced a memorandum from the supervisor of probation to all probation officers. The memorandum specifically states that the Judicial Administrator of Juvenile Court, in accord with instructions received from the court, had instructed the supervisor on January 10, 1989 to add a new condition of probation for all offenders. The new condition of probation reads exactly the same as the condition of probation objected to by N.P. and quoted above.
As contended by counsel for N.P., it is true that Code of Juvenile Procedure Article 122 requires juvenile records to be maintained separate from criminal and civil dockets. Further, the same article and other statutory provisions set forth a scheme of confidentiality which prohibits disclosures except as provided by law. Therefore, in our view, imposing the quoted provision as a policy requirement of probation would, as argued by counsel, violate the statutory scheme of confidentiality. However, although the supervisor's memo may have prompted the probation officer to recommend the objected to condition of probation, the imposition of the condition by the court was particularized to meet a need in N.P.'s situation.
The Juvenile Judge stated he imposed the objected to condition of probation to insure N.P.'s continued progress in school. N.P. has above average intelligence and had been in classes for gifted and talented children since the first grade. Notwithstanding his above average abilities, due to absenteeism he had failed in the fourth grade. At the time of the hearing he had been out of school since his expulsion, almost a year. The Juvenile Judge felt and we agree, it is extremely important to keep all children, and in particular one with the potential of N.P., in school to help him achieve his potential and become a productive member of society. The trial judge also expressed a willingness to assist N.P. by personally discussing the facts of this case with the principal of any school to which N.P. applied.
Although confidentiality is imposed by the statutory scheme it must be and has been balanced against other considerations. LSA-C.J.P. Article 123 C in pertinent part provides:

* * * * * *
"The court, the district attorney, the sheriff, or the chief law enforcement officer of any jurisdiction may release the record of arrests, convictions, or adjudications of:
(1) Anyone previously adjudicated a delinquent and who is subsequently arrested or charged with any crime or delinquent act.
(2) Any child adjudicated a delinquent for committing a delinquent act which if committed by an adult would be a felony, or a misdemeanor against the person, or a misdemeanor involving a dangerous weapon." (Emphasis Supplied)
Since N.P. was adjudicated a delinquent for violating LSA-R.S. 14:95, a misdemeanor involving a dangerous weapon, the exception to confidentiality specified in LSA-C.J. P. Article 123 C(2) is applicable here. Additionally, LSA-C.J.P. Article 83 reads in pertinent part:

* * * * * *
"In cases in which a child has been adjudicated a delinquent the court may:

* * * * * *
(7) Defer or suspend execution of the judgment of disposition and place the child on probation under such terms and conditions as deemed in the best interests of the child and public. The court shall require as a condition of probation that the child:
*53 (a) Perform court-approved community service activities, or
(b) Make reasonable restitution.
(8) Make such combination of the above dispositions or such other disposition as the court deems to be in the best interest of the child." (Emphasis Supplied)
Thus, by particularizing the condition of probation to N.P., for the stated purpose of enforcing his tenure in school, the Juvenile Judge had the authority to impose as a condition of probation the requirement that N.P. notify the principal of his school that he was on probation and provide him with the name and phone number of the Probation Officer so that inappropriate school behavior (this would include absenteeism) may be reported to and acted on by the court.
As previously stated, however, we void the complained-of condition of probation as general policy of the Juvenile Court for the Parish of Jefferson. The Juvenile Judge may impose this condition only when he gives the reasons and legal authority for his decision, as in the case before us. Accordingly, we affirm the ruling of the Juvenile Judge.
AFFIRMED.